IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS W. SHELLEY,

                        Petitioner,                              ORDER

        v.                                                       08-cv-633-slc

JILL FALSTAD,
Marathon County District Attorney and
J.B. VAN HOLLEN,
Wisconsin Attorney General,

                        Respondents.

---

Thomas W. Shelley, an inmate at the Dodge Correctional Institution in Waupun,

Wisconsin, has filed an application for a writ of habeas corpus, alleging that he is in custody

in violation of various rights guaranteed him by the United States Constitution.  I have

granted his application for leave to proceed in forma pauperis in a separate order.

Petitioner has been charged in the Circuit Court for Marathon County with delivery

of schedule II non-narcotics, as a repeat offender.  In his habeas petition, he asserts various

claims of error relating to the pending criminal prosecution.  Although the petition is

difficult to understand, it appears that petitioner is contesting the legality of his arrest, the

voluntariness of statements he made after his arrest, the timeliness of his initial appearance

and the performance of his lawyer.  Petitioner alleges that he has asked his lawyer to file

Dockets.Justia.com

motions to dismiss the pending criminal prosecution on these grounds, but his lawyer has refused to do so.  Petitioner asks the court to dismiss his pending criminal case.

3       Although habeas corpus is generally a post-conviction remedy, federal courts have jurisdiction under 28 U.S.C. § 2241 to grant writs of habeas corpus to pre-trial detainees in state custody.  <u>Neville v. Cavanagh</u>, 611 F.2d 673, 675 (7th Cir. 1979).  Notwithstanding this jurisdiction, I decline to exercise it.  Petitioner has adequate remedies available to him in the Wisconsin courts to correct the alleged constitutional violations committed by state law enforcement officials.  Petitioner can ask for leave to file a *pro se* motion, attempt to convince his lawyer to raise his claims or ask for a new lawyer to be appointed.  If his lawyer refuses to raise the issues and petitioner is convicted, petitioner can file a post-conviction motion for a new trial on the ground that his lawyer was ineffective.  Further, the possibility remains that petitioner may be acquitted.  It is not a proper exercise of federal habeas jurisdiction to "disrupt a pending state criminal prosecution at which the petitioner yet may be acquitted."  <u>United States ex rel. Parish v. Elrod</u>, 589 F.2d 327, 329 (7th Cir. 1979).

ORDER

IT IS ORDERED that the petition of Thomas Shelley for a writ of habeas corpus is

DISMISSED WITHOUT PREJUDICE.


Entered this 4th day of November, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge